IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN VEGA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1674 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

State inmate Martin Vega, proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction for aggravated robbery. Based on the Court's consideration of the pleadings, matters of public record, and the applicable law, this action is DISMISSED for the reasons that follow.

*Background and Claims*

On August 8, 2007, petitioner was sentenced under two convictions in Harris County, Texas: aggravated robbery under case number 1122011, for which he was sentenced to ten years imprisonment; and unauthorized use of a motor vehicle under case number 1110438, for which he received a 180-day state jail sentence. Only the aggravated robbery conviction is challenged in the instant habeas petition.

Petitioner did not appeal the aggravated robbery conviction, but reports that he filed an application for state habeas relief on May 26 or 28, 2010. He asserts that the application has been pending in the Texas Court of Criminal Appeals for nearly a year. However, a review of the public court records for that court reveals only one state habeas proceeding filed

by petitioner – challenging the state jail conviction – and that it was denied by the Texas Court of Criminal Appeals on September 8, 2010, because the 180-day sentence had been discharged. Construed collectively, petitioner's pleadings and public court records show that he filed *two* state habeas applications on May 26 or 28, 2010, separately challenging the two 2007 convictions, and that only the application challenging the aggravated robbery remains pending in the state courts.[1]

Construed liberally, petitioner's pleadings request that this Court (1) issue a writ of mandamus ordering the state courts to resolve his aggravated robbery habeas application; (2) set aside the aggravated robbery conviction; and/or (3) stay and abate the instant habeas petition until he has exhausted his state habeas proceedings. This Court declines to grant petitioner relief because his challenges to the aggravated robbery conviction are both unexhausted and barred by the federal one-year statute of limitations for section 2254 petitions.

*Failure to Exhaust*

Petitioner does not show, and public court records do not evince, that his state habeas challenge to the aggravated robbery conviction has been transferred by the state trial court to the Texas Court of Criminal Appeals. Exhibits submitted by petitioner show that on October 27, 2010, the state trial court entered an order in cause number 1122011-A, petitioner's state habeas application challenging the aggravated robbery conviction, finding that petitioner's ineffective assistance issue needed to be resolved. The trial court ordered petitioner's trial

---

[1] Although petitioner also claims to have sought mandamus relief with the Texas Court of Criminal Appeals to "move things along," public records for that court do not reflect his filing such a request.

2

counsel to file an affidavit regarding the ineffective assistance claims within thirty days. Petitioner complains that nothing has happened in the state habeas proceeding since that date, and concedes that his state habeas claims remain unexhausted. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); 28 U.S.C. §§ 2254(b), (c).

Again, giving his pleadings a liberal construction, petitioner asks this Court to either order the state courts to finalize his state proceeding or to excuse his failure to exhaust due to the state courts' prolonged delay in processing his state habeas application. Federal district courts have no jurisdiction or authorization to direct state officials in the performance of their functions. and petitioner's request for mandamus relief is denied. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). Nor will this Court excuse petitioner's failure to exhaust and allow him to proceed in this instant habeas case, or stay and abate this case pending exhaustion, because petitioner's claims are barred by limitations, as follows.

*Statute of Limitations*

This pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

       (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner pleaded guilty to aggravated robbery and was sentenced to ten years incarceration on August 29, 2007. No direct appeal was taken. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do his claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. See 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For purposes of AEDPA, petitioner's one-year limitation commenced thirty days after his sentencing – that is, on September 29, 2007 – and expired one year later, on or about

4

September 29, 2008. Petitioner reports that he filed his application for state habeas relief on May 26 or 28, 2010. Accordingly, the instant federal petition, filed on April 26, 2011, was filed *after* expiration of limitations and affords petitioner no tolling effect.

The Court ordered petitioner to show cause why this case should not be dismissed as barred by limitations. In response, petitioner stated that he "is a special need[s] person suffering from moderate mental retardation," which "prevented him from managing his affairs or understanding his legal rights [or] acting upon them during the entirety of" the limitations period. No further explanation or specifics are provided. The Court construes these allegations as a request for equitable tolling of limitations. A habeas petitioner is not entitled to equitable tolling unless he establishes that he pursued his rights diligently, and that some extraordinary circumstance stood in his way to prevent timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

The Fifth Circuit has held that certain mental impairments may potentially give rise to grounds for equitable tolling, provided the petitioner establishes both the impairment and that it affected his ability to file a timely habeas petition. If a petitioner establishes some degree of mental impairment, he must then show that the impairment prevented his timely filing; proof of both elements is imperative. *See*, *e.g.*, *Smith v. Johnson*, 2001 WL 43520 (5th Cir. 2001) (unpublished) (holding that petitioner failed to allege sufficient facts to support his claim that mental incompetence impeded him from timely asserting his habeas rights).

The Court finds it significant that petitioner acknowledges his pleadings were written by a fellow inmate, yet fails to certify under penalty of perjury that these factual allegations

5

set forth by this fellow inmate are true and correct. *See* 28 U.S.C. § 1746. Nor does petitioner allege specific facts showing an inability to manage his affairs or protect his legal interests during the relevant time period between September 29, 2007, and September 29, 2008. It is clear that he filed at least two state habeas applications in 2010, but he fails to show grounds for excusing the *untimeliness* of those filings relevant to the federal statute of limitations. In absence of specific factual allegations supporting his arguments, petitioner fails to show that he is entitled to equitable tolling.

Petitioner establishes no grounds for statutory or equitable tolling of the one-year statute of limitations, and the instant federal petition is barred by limitations.

*Conclusion*

For these reasons, the petition is DISMISSED for failure to exhaust and as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on June 7, 2011.

_____
Gray H. Miller
United States District Judge

6